Ralph Michael DAUGHTRY,
et al., Plaintiffs,

v.

BIRDSONG PEANUTS,
et al., Defendants.

No. Civ.A. 01–D–704–S.

United States District Court,
M.D. Alabama,
Southern Division.

Sept. 7, 2001.

Wallace Davis Malone, III, Farmer, Farmer, Malone & Sherrer, P.A., William Bernhart Walheim, Jr., Maynard, Cooper & Gale, P.C., Birmingham, AL, for plaintiffs.

Jason R. Eubanks, Alan Carpenter Livingston, Lee & McInish, Dothan, AL, for defendants.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court is the Motion To Remand ("Motion") filed on July 13, 2001 by

Ralph Michael Daughtry, individually and as Executor of the Estate of David W. Daughtry, deceased; Kenneth Dale Daughtry; and David Scott Daughtry (collectively "Plaintiffs"). After careful consideration of the arguments of the parties, the relevant law, and the record as a whole, the court finds that Plaintiffs' Motion To Remand is due to be denied.

## I. BACKGROUND

Plaintiffs originally filed their Complaint and First Amended Complaint in the Circuit Court of Dale County, Alabama.[1] Plaintiffs allege state law causes of action for breach of contract, the tort of outrage, fraud and misrepresentation, promissory fraud, suppression, negligent and wanton hiring and supervision, and negligence and wantonness.[2]

Plaintiffs assert that in May 1990, their father, David W. Daughtry, deceased, obtained a group life insurance policy through his employer, Defendant Birdsong Corporation[3], for whom he worked until approximately the time of his death.[4] In addition, Plaintiffs state that when their father received the life insurance policy, he was married to Linda Daughtry, whom he listed as the beneficiary of the policy at that time, and from whom, at the time of his death, he had been divorced for several years.[5] Plaintiffs further assert that

[o]n several occasions during the months of October through December, 2000,

[David W.] Daughtry communicated to defendants Segers and Crozier, and other agents, employees and representatives of [other Defendants] that he wanted the [Plaintiffs] made the sole beneficiaries of the Policy. On such occasions, and other occasions during such time period, the Defendants and their agents, employees and representatives communicated assurances and promises to and represented to [David W.] Daughtry and the [Plaintiffs] that they, the Defendants:

a.  Would cause the beneficiaries on the Policy to be changed to solely the [Plaintiffs]; and

b.  Would change the beneficiaries under the Policy to solely the [Plaintiffs]; and

c.  Had "taken care of" and caused the beneficiaries on the Policy to be changed to solely the [Plaintiffs] and "to quit worrying about it;" and

d.  Had "taken care of" and changed the beneficiary on the Policy to solely the [Plaintiffs] and to "quit worrying about it;" and

e.  Would "see to it" that the [Plaintiffs] received the proceeds under the Policy upon the death of [David W.] Daughtry.[6]

Plaintiffs also assert that their father died on December 18, 2000, that they are not listed as the sole beneficiaries of the policy, as their father had requested, and that their father's ex-wife is still listed as the sole beneficiary of the policy.[7]

1.  Compl., at 1; First Am.Compl., at 1.

2.  First Am.Compl., ¶¶ 16–48

3.  Defendants in this action are Birdsong Peanuts, a division of Birdsong Corporation; Birdsong Corporation; CIGNA Group Insurance ("CIGNA"); Life Insurance Company Of North America ("LICNA"); Wilton Segers;

and Richard Crozier (collectively "Defendants").

4.  First Am.Compl., ¶¶ 5–9.

5.  Id., ¶¶ 10, 12.

6.  First Am.Compl., ¶ 11.

7.  Id., ¶¶ 11–13.

Defendants removed this case to the United States District Court for the Middle District of Alabama on June 13, 2001,[8] based on "arising under" or "federal question" jurisdiction,[9] alleging that Plaintiffs' state law claims fall within or are preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001–1461, for three reasons.

First, Defendants argue that Plaintiffs' claims fall under ERISA based on 29 U.S.C. § 1132(e)(1), which provides that "state courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction" of actions by beneficiaries to recover benefits under an employee benefit plan.[10] Second, Defendants argue that Plaintiffs' claims are expressly preempted by ERISA based on 29 U.S.C. § 1144(a), which provides that ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...."[11] Finally, Defendants argue that Plaintiffs' claims are "completely preempted" by ERISA because Congress intended ERISA to subsume state law as it relates to beneficiaries' recovery of benefits under employee benefit plans.[12]

On July 13, 2001, Plaintiffs filed a Motion To Remand this case to the Circuit Court of Dale County, Alabama.[13]

## II. REMAND STANDARD

It is well-settled that a defendant, as the party removing an action to federal court, has the burden to establish federal jurisdiction. *See Diaz v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir.1996). The removal statute should be construed narrowly. *See Diaz* 85 F.3d at 1505 (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 107–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)). Thus, where there is a dispute about federal jurisdiction, uncertainties are resolved in favor of remand. *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir.1994) (citations omitted). "A presumption in favor of remand is necessary because if a federal court reaches the merits of a pending motion in a removed case where subject matter jurisdiction may be lacking it deprives a state court of its right under the Constitution to resolve controversies in its own courts." *Univ. of S. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 411 (11th Cir. 1999). Furthermore, any order by a federal court lacking subject matter jurisdiction, other than an order of dismissal or remand, is void. *See Christopher v. Stanley–Bostitch, Inc.,* 240 F.3d 95, 100 (1st Cir.2001); *Shirley v. Maxicare Texas, Inc.,* 921 F.2d 565, 568 (5th Cir.1991).

## III. DISCUSSION

As previously stated, Defendants removed this case to federal court, pursuant to 28 U.S.C. § 1441, claiming that the court has original subject matter jurisdiction over this civil action based on "arising under" jurisdiction using ERISA.[14] "[A] cause of action 'arises under' federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) (citing *Gully v. First Nat'l Bank,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936);

---

**8.** Joint Notice Of Removal, ¶¶ 3, 8–12.

**9.** 28 U.S.C. § 1331.

**10.** Notice of Removal, ¶¶ 3, 10

**11.** Notice of Removal, ¶ 8.

**12.** Notice of Removal, ¶ 9; Defs.' Opp'n To Pls.' Showing Of Cause To Not Strike State Claims And Arguments In Supp. Of Pls.' Mot. To Remand Removed Action, at 3–5.

**13.** Mot., at 1.

**14.** *See supra,* notes 7–11 and accompanying text.

*Louisville & Nashville R.R. Co. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908)); *see also Butero v. Royal Maccabees Life Ins. Co.,* 174 F.3d 1207, 1212 (11th Cir.1999). In this case, Plaintiffs' Complaint, as amended, only raises issues of state law.[15] Plaintiffs do not plead a cause of action under 29 U.S.C. § 1132(e)(1) or any other federal law. Thus, Defendants' first argument, that Plaintiffs could have brought this case in the United States District Court for the Middle District of Alabama under 29 U.S.C. § 1132(e)(1), cannot be the basis for federal subject matter jurisdiction for purposes of removal.

■ Defendants' second argument, that Plaintiffs' state law claims may be expressly preempted by ERISA, invokes 29 U.S.C. § 1144(a). Under 29 U.S.C. § 1144(a), ERISA is used as an affirmative defense to state law claims, and thus the Eleventh Circuit has labeled this type of ERISA preemption as "defensive preemption." *Butero,* 174 F.3d at 1211–12. As an affirmative defense, defensive preemption does not appear on the face of a well-pleaded complaint, and, thus, it likewise cannot be the basis for federal subject matter jurisdiction for purposes of removal. *Taylor,* 481 U.S. at 63–64, 107 S.Ct. 1542; *Rivet v. Regions Bank of Louisiana,* 522 U.S. 470, 475, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998); *Kemp v. Int'l Bus. Machs.,* 109 F.3d 708, 712 (11th Cir.1997); *Butero,* 174 F.3d at 1211–12.

■ Defendants' third argument, that Plaintiffs' state law claims may be completely preempted, has been well-established by both the United States Supreme Court and the Eleventh Circuit Court of Appeals. *Butero,* 174 F.3d at 1211–12 (citing *Taylor,* 481 U.S. at 63–64, 107 S.Ct.

1542). *See also Rivet,* 522 U.S. at 475, 118 S.Ct. 921. Complete preemption exists when Congress so completely preempts an area of law that any civil complaint raising a certain group of claims is necessarily federal in character. *Taylor,* 481 U.S. at 63–64, 107 S.Ct. 1542; *see also Butero,* 174 F.3d at 1211–12. ERISA was intended to completely preempt state law claims involving rights of participants and beneficiaries to recover benefits under employee benefit plans. *See Taylor,* 481 U.S. at 63–66, 107 S.Ct. 1542.

When a statute, such as ERISA, completely preempts a field of law, a coexisting principle of the well-pleaded complaint rule is implicated. That principle provides that " 'a plaintiff may not defeat removal by omitting to plead necessary federal questions.' " *Rivet,* 522 U.S. at 475, 118 S.Ct. 921 (quoting *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.,* 463 U.S. 1, 22, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). "If a court concludes that a plaintiff has 'artfully pleaded' claims in this fashion, it may uphold removal even though no federal question appears on the face of the plaintiff's complaint." *Rivet,* 522 U.S. at 475, 118 S.Ct. 921. Such "artful pleading" "allows removal where federal law completely preempts a plaintiff's state-law claim." [16] *Id.*

■ Thus, in the case at hand, the court must determine whether Plaintiffs omitted pleading necessary federal questions. The key to determining whether Plaintiffs omitted pleading necessary federal questions lies in the determination of whether or not Plaintiffs are beneficiaries of the decedent's life insurance policy according to 29 U.S.C. § 1132(a)(1)(B). If

---

15. First Am.Compl., ¶¶ 16–48.

16. The court in *Rivet* cites *Taylor* as support for this principle, stating that in *Taylor,* the

court upheld removal based on the preemptive effect of § 502(a)(1)(B) of ERISA (29 U.S.C. § 1132(a)(1)(B)). *Id.*

they are, then Plaintiffs' state law claims are completely preempted.[17]

Whether or not Plaintiffs are beneficiaries under the specific facts in the case at hand has not been addressed by the United States Supreme Court or the Eleventh Circuit Court of Appeals. Section 1132(a)(1)(B) of ERISA provides that "[a] civil action may be brought by a participant or beneficiary to recover the benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

Section 1002(8) of ERISA provides that "[t]he term beneficiary means a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." Plaintiffs claim they were "not actually designated in writing as beneficiaries under the group life insurance policy/certificate under the Plan" and therefore cannot be deemed beneficiaries of the insurance policy.[18] Yet, Plaintiffs claim that they should have been designated as beneficiaries,[19] and that the proceeds from the policy should have been paid to them.[20] This presents the court with an apparently contradictory argument by Plaintiffs. Plaintiffs should not be allowed to deny that they are beneficiaries of the life insurance policy for the purposes of avoiding

ERISA and at the same time claim that they are entitled to the proceeds of the life insurance policy.

The court finds support for this principle in *Firestone Tire and Rubber Co. v. Bruch,* 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). In *Bruch,* the Court had to determine whether former employees of a company were "participants" under ERISA, 29 U.S.C. § 1002(7), thus allowing them to bring an action requesting information from an administrator under 29 U.S.C. § 1132(a)(1)(A) and 29 U.S.C. § 1132(c)(1)(B). *Bruch,* 489 U.S. at 105–06, 115–16, 109 S.Ct. 948. The Court rejected the reasoning of the Third Circuit Court of Appeals, which held that " 'a civil action may be brought by *someone who claims to be* a participant or beneficiary.' " *Id.* at 116–17, 109 S.Ct. 948. The Court pointed out that "Congress did not say that all 'claimants' could receive information about benefit plans. To say that a 'participant' is any person who claims to be one begs the question of who is a 'participant' and renders the definition set forth in § 1002(7) superfluous." *Id.* The Court held that a party claiming status of a "participant" must have a "colorable claim" to vested benefits. *Id.* at 117–18, 109 S.Ct. 948.

Courts have analogized to *Bruch* in determining whether or not a party has

---

17. The court finds that the following remaining requirements for complete preemption have been met: that the life insurance policy was part of an ERISA plan, that the defendants are ERISA entities, and that Plaintiffs are seeking compensatory relief similar to that available under 29 U.S.C. § 1132(a). *Butero,* 174 F.3d at 1212. Plaintiffs argue that Defendants Crozier and Segers are not ERISA entities, but rather are employees of ERISA entities, and thus claims against them cannot be completely preempted. *See* Showing Of Cause By Pls. To Not Strike State Claims And Arguments In Supp. Of Pls. To Remand Removed Action, at 5. However, employees of ERISA entities are essen-

tially considered a part of ERISA entities, and thus claims against them may be completely preempted. *Bridges v. Principal Life Ins. Co.,* 141 F.Supp.2d 1337, 1338–40 (M.D.Ala.2001).

18. Showing Of Cause By Pls. To Not Strike State Claims And Arguments In Supp. Of Mot. Of Pls. To Remand Removed Action, at 4–5; *see also* First Am.Compl., ¶ 13.

19. First Am.Compl., ¶¶ 18, 19, 20, 23, 24, 30, 36, 41, and 48.

20. First Am.Compl., ¶¶ 19, 23, 24, 30, 36, 41, and 48.

standing to sue under ERISA as a "beneficiary." For example, in *Sladek v. Bell System Management Pension Plan*, 880 F.2d 972, 979 (7th Cir.1989), the Seventh Circuit Court of Appeals held that in order to have ERISA standing as a beneficiary, a claimant must have a "colorable claim" as a beneficiary, and not just a naked claim that the person is a beneficiary. *See also Crawford v. Roane*, 53 F.3d 750 (6th Cir.1995) (holding that "based on ... § 1002(8) and the United States Supreme Court's ... test for when a plaintiff is a 'participant' under 29 U.S.C. § 1002(7), we hold that one is a 'beneficiary' under § 1002(8) only if he has a reasonable or colorable claim for benefits under an ERISA plan ...."); *Pawlowski v. Blue Cross and Blue Shield of Western N.Y.*, No. 99–CV–0877E(M), 2001 WL 118574 (W.D.N.Y. Feb.5, 2001) (holding that "courts have interpreted [§ 1002(8) ] to include those persons having 'a reasonable or colorable claim for benefits under an ERISA plan' ").

The court finds that the reasoning in *Bruch* and *Sladek* applies equally in the inverse situation where, as here, a plaintiff seeks to avoid standing under ERISA. Thus, the court finds that Plaintiffs must be deemed "beneficiaries" under ERISA if they have presented facts which demonstrate that they have "colorable claims"[21] as beneficiaries. In this case, the court finds that Plaintiffs have made colorable claims based on the following facts. First, on April 12, 2001, Plaintiffs submitted a Preferred Beneficiary Affidavit, signed by a notary public, to Defendant insurer CIGNA/LICNA, claiming to be beneficiaries of the life insurance policy at issue.[22] Second, Plaintiff Ralph Michael Daughtry signed the document on the line titled "Beneficiary Signature."[23] Third, Plaintiffs assert that their father repeatedly requested Defendants to change the designated beneficiary from the ex-wife to themselves, but that Defendants never did so.[24] If Defendants had done so, then Plaintiffs would have received the proceeds of the life insurance policy. Based on these facts, Plaintiffs cannot claim that they do not want to be designated as beneficiaries. The court finds such an argument by Plaintiffs to be inconsistent with Plaintiffs' claims that they were entitled to the proceeds of the life insurance policy.

In sum, the court finds that Plaintiffs have colorable claims to proceeds under the life insurance policy, and therefore should have made a claim under ERISA as beneficiaries. Accordingly, the court finds that Plaintiffs' state law claims are completely preempted by ERISA, and the court has federal question subject matter jurisdiction over this case.

## IV. ORDER

Accordingly, it is CONSIDERED and ORDERED that Plaintiffs' Motion To Remand be and the same is hereby DENIED. Plaintiffs are given until September 20, 2001 to AMEND their complaint, if desired, to allege a claim or claims under ERISA. If Plaintiffs elect not to file an

---

**21.** In an ERISA case, the United States District Court for the District of Connecticut stated that "[a] colorable claim is one that is arguable, not frivolous." *Christensen v. Chesebrough–Pond's, Inc.*, 862 F.Supp. 22, 24 (D.Conn.1994) (citing *Kennedy v. Connecticut Gen. Life Ins. Co.*, 924 F.2d 698, 700 (7th Cir.1991)).

**22.** Defs.' Opp'n To Pls.' Showing Of Cause To Not Strike State Claims And Arguments In Supp. Of Pls.' Mot. To Remand Removed Action, at 2, Exhibits "A" and "B".

**23.** *Id.*, Exhibit "A." *See also supra*, notes 24–25 and accompanying text.

**24.** *See supra*, text accompanying note 5; First Am.Compl., ¶¶ 11–13.

amended complaint by September 20, 2001, the court will dismiss the action.