Nancy LAWRENCE, et al., Plaintiffs,

v.

Eric M. NATION, et al., Defendants.

CASE NO. 2:16-CV-61-WKW

United States District Court,
M.D. Alabama, Northern Division.

Signed June 14, 2016

Jere Locke Beasley, Larry Apaul Golston, Jr., Wilson Daniel Miles, III, Beasley Allen Crown Methvin Portis & Miles PC, Montgomery, AL, Thomas O'Neal Sinclair, Sinclair Law Firm, Birmingham, AL, for Plaintiffs.

Graham Ross Pulvere, Laura Catherine Nettles, Stephen Errol Whitehead, Lloyd Gray Whitehead Monroe, P.C., James Sturgeon Christie, Jr., Jason Allen Walters, Bradley Arant Boult Cummings LLP, Birmingham, AL, Virginia Broughton Reeves, Bradley Arant Boult Cummings LLP, Montgomery, AL, for Defendants.

## MEMORANDUM OPINION AND ORDER

W. Keith Watkins, CHIEF UNITED STATES DISTRICT JUDGE

On April 13, 2016, the Magistrate Judge filed a Recommendation in this case. (Doc. # 28.) Defendant Guardian Life Insurance Company of America ("Guardian") filed Objections (Doc. # 29), in which Defendant Eric M. Nation ("Nation") joined (Doc. # 30). Plaintiffs Nancy Lawrence ("Lawrence") and Freddrick A. Hardy Sr. ("Hardy") filed a Response to Defendants' Objections (Doc. # 33), and Defendants filed a Reply (Doc. # 34). Plaintiffs then sought and were granted leave to file a Surreply. (Docs. # 35, 39, and 40.) Upon careful consideration, Defendants' Objections will be overruled, the Recommendation will be adopted, and Plaintiffs' Motion to Remand (Doc. # 15) will be granted. All other pending motions must be denied for lack of subject-matter jurisdiction.

### I. STANDARDS OF REVIEW

Where a party makes objections to the recommendation of the magistrate judge, the portions of the recommendation to which objections are made are reviewed de novo. 28 U.S.C. § 636(b)(1).

Federal courts have a strict duty to exercise the jurisdiction conferred on them

by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996). At the same time, "[f]ederal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994). In removal actions, federal courts must strictly construe removal statutes, resolve all doubts in favor of remand, and place the burden of establishing federal jurisdiction on the removing party. *See Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328–30 (11th Cir. 2006).

## II. BACKGROUND

This action arises from a dispute over insurance benefits. The relevant facts and procedural history will first be discussed.

### A. Facts

Kingdom Now Movement ("Kingdom Now") is a faith-based organization incorporated under the laws of Alabama. Its mission is to foster a community of pastors, leaders, and other individuals who will work together to promote the movement's religious philosophy. The Kingdom Now network includes a number of affiliate churches.

Guardian issued a group life insurance plan to Kingdom Now. The group plan, by its terms, only allowed Kingdom Now employees to purchase coverage. According to Lawrence and Hardy, Guardian, acting through its agent Nation, approached affiliate churches within the Kingdom Now network seeking to sell insurance policies under the Kingdom Now group plan. Lawrence and Hardy allege that Nation represented to church members that, because Kingdom Now is a faith-based organization, Guardian could offer life insurance policies under the group plan to all church members, including those who were not traditional paid employees of Kingdom Now. Lawrence and Hardy both applied for life insurance policies based on these representations.

Lawrence purchased life insurance policies for her mother and father, neither of whom was a paid employee of Kingdom now. Lawrence was listed as the beneficiary under both plans. She alleges that she made timely premium payments on both policies, and that the policies were in full force and effect during the time periods relevant to this action. When Lawrence's mother and father died, Lawrence made claims for death benefits under each policy. Guardian denied these claims because the insureds were not paid employees of Kingdom Now.

Hardy similarly purchased a life insurance policy for his grandfather, who was not a paid Kingdom Now employee. Hardy was listed as a beneficiary under the plan. He contends that he made timely premium payments on the policy, and that the policy was in full force and effect during time periods relevant to this suit. When Hardy's grandfather died, Hardy made a claim for benefits under the plan. Guardian denied the claim, reasoning that Hardy was not entitled to benefits under the plan because the insured was not a paid employee of Kingdom Now. Guardian has not paid Lawrence or Hardy any benefits under these policies.

### B. Procedural History

Plaintiffs filed this action in the Circuit Court of Montgomery County. Their complaint (Doc. # 1-2) raises nine state-law causes of action: (1) fraudulent misrepresentation; (2) fraudulent suppression; (3) negligent or wanton misrepresentation and suppression; (4) negligent or wanton hiring or training; (5) negligent or wanton procurement; (6) conversion; (7) breach of contract; (8) bad faith; and (9) failure to investigate. They seek compensatory and punitive damages.

Guardian filed a notice of removal, in which Nation joined. They contend that

the insurance policies in question are governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq. According to Guardian and Nation, the court has federal question subject-matter jurisdiction over Plaintiffs' claims because ERISA completely preempts those claims. See 28 U.S.C. § 1331.

In response to the notice of removal, Plaintiffs filed a motion to remand. (Doc. # 15.) Before responding to the motion to remand, Guardian filed a motion for summary judgment. (Doc. # 18.) Plaintiffs filed a motion to strike the motion for summary judgment or, in the alternative, to hold the motion in abeyance until a ruling could be made on the motion to remand. (Doc. # 20.) Plaintiffs also sought an expedited ruling on the motion to strike. (Doc. # 21.) After the parties briefed these related motions, the Magistrate Judge entered a Recommendation (Doc. # 28) that Plaintiffs' motion to remand be granted.

Guardian filed objections to the Recommendation, which included a motion for jurisdictional discovery. (Doc. # 29.) Guardian then filed an amended motion for jurisdictional discovery. (Doc. # 32.) The issues raised in the objections and motions for jurisdictional discovery have been fully briefed. (See Docs. # 33, 34, 35, and 40.) Guardian requested oral argument (Doc. # 36), but this matter is considered submitted on the briefing and will be decided without oral argument.

## III. DISCUSSION

The Magistrate Judge found that this action is due to be remanded to the Circuit Court of Montgomery County for two reasons. First, the Kingdom Now insurance plan constitutes a "church plan" such that it is exempt from the ERISA scheme. Second, Defendants failed to carry their burden of showing that Lawrence and Hardy have ERISA standing. Defendants object to both of these findings, arguing that Kingdom Now is not a church within the meaning of ERISA, and that Plaintiffs are beneficiaries with ERISA standing.

The principles governing ERISA preemption generally will first be outlined. Then the issue of whether Kingdom Now's plan constitutes a church plan will be considered. Finally, the issue of Plaintiffs' ERISA standing will be addressed.

### A. ERISA Preemption Generally

Congress enacted ERISA with the overarching goals of expanding employee benefit plans and protecting participants in those plans. 29 U.S.C. § 1001. By implementing a comprehensive system of benefits plan regulation, ERISA ensures that benefit plan administration will be uniform across the nation. See Aetna Health Inc. v. Davila, 542 U.S. 200, 208, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004). The uniformity of ERISA's system is due in large part to its preemption of most state laws relating to employee benefits plans. See id. The statutory scheme allows for two forms of preemption: defensive and complete.

Defensive preemption is a creature of ERISA's express preemption provision. 29 U.S.C. § 1144. That portion of the statute provides preemption as an affirmative defense to certain state-law claims. Complete preemption arises from the comprehensive nature of ERISA's remedial scheme for claims of loss or denial of benefits. See 29 U.S.C. § 1132. Because ERISA's remedial provision "comprehensively occupies" this field of law, any state-law claims that seek relief available under that provision are necessarily federal in nature. Butero v. Royal Maccabees Life Ins. Co., 174 F.3d 1207, 1211–12 (11th Cir.1999).

Whether Plaintiffs' state-law claims are subject to defensive or complete preemption is central to whether the court has subject-matter jurisdiction over this

action. To invoke federal question jurisdiction, the complaint must raise a claim that arises under federal law. 28 U.S.C. § 1331. That the defense to a claim is federal in nature generally does not evidence a federal question. *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 11, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) (explicating the well-pleaded complaint rule). Accordingly, under this rule, defensive ERISA preemption of a plaintiff's claims is insufficient to invoke federal jurisdiction under § 1331. *Butero*, 174 F.3d at 1212. Where a plaintiff's claim falls within the remedial scheme contemplated by 29 U.S.C. § 1132, however, such that it is subject to complete ERISA preemption, it is entirely federal in nature and thus invokes federal question jurisdiction. *Id.* at 1211–12.

Because federal question jurisdiction is the only basis under which this action is properly removable, the motion to remand turns on whether ERISA completely preempts Plaintiffs' claims. Their claims are subject to complete preemption only if they seek relief that is available under 29 U.S.C. § 1132(a). *Butero*, 174 F.3d at 1212. To show that Plaintiffs' claims are completely preempted, and thus to establish the propriety of removal, Defendants bear the burden of satisfying four elements: (1) that there is a relevant ERISA plan; (2) that Plaintiffs have standing to sue under ERISA; (3) that Guardian is an ERISA entity; and (4) that Plaintiffs' state law claims seek compensatory relief akin to the relief available under § 1132(a). *Id.* The Magistrate Judge found that Defendants failed to carry their burden as to two of these elements.

## B. Whether the Kingdom Now Plan is a Church Plan

■ The Magistrate Judge first found that Defendants failed to carry their burden as to the first element of the complete preemption analysis. That is, because

Kingdom Now's employee benefits plan qualifies as a "church plan" such that it is exempt from ERISA's regulatory scheme, there is no relevant ERISA plan at issue in this action. *See Butero*, 174 F.3d at 1212.

Church plans are exempt from ERISA coverage unless the church elects to be covered. 29 U.S.C. § 1003(b)(2). A plan qualifies for this exemption if it is "established and maintained for its employees (or their beneficiaries) by a church or by a convention or association of churches." 29 U.S.C. § 1002(33)(C). In their objections to Recommendation, Defendants raise three issues concerning whether Kingdom Now's plan is exempt as a church plan. First, Defendants contend that Plaintiffs have not come forward with sufficient evidence to establish that Kingdom Now is a church. Second, they argue that the evidence they have produced establishes that Kingdom Now is not a church. Third, they maintain that they are entitled to jurisdictional discovery for the purpose of ascertaining whether Kingdom Now in fact qualifies as a church for purposes of this ERISA exemption. These three issues will be addressed in turn.

First, to the extent Defendants contend that Plaintiffs have failed to establish that Kingdom Now is a church subject the church plan exemption, this argument admits of a misunderstanding of the burden of persuasion on issues of removal. Defendants, as the removing parties, bear the burden of establishing that this court has subject-matter jurisdiction over the claims raised in the action. *See Miedema*, 450 F.3d at 1328. That Plaintiffs came forward with no evidence relating to Kingdom Now's status as a church is of no moment. This particular objection to the Recommendation is without merit.

Second, Defendants argue that the evidence of record is sufficient to establish

that Kingdom Now is not a church, and thus Kingdom Now's plan does not fall within the church plan exemption. In support of this position, Defendants first point to Kingdom Now's Articles of Incorporation, which establish that Kingdom now is a corporation organized under the laws of Alabama. (Doc. # 18-1.) Defendants seem to suggest that, because Kingdom Now is a corporation, it cannot also be a church. But Defendants cite no authority supporting the proposition that "church" and "corporation" are mutually exclusive statuses, and it is doubtful that any such authority exists.[1] Defendants also note that, in Kingdom Now's application for a plan of group insurance with Guardian, Kingdom Now listed "church" under nature of business. (Doc. # 18-8.) According to Defendants, this fact supports the finding that Kingdom Now is not a church. This argument defies logic.

Defendants also submitted new evidence, in conjunction with their objections, to support their argument that Kingdom Now is not a church. An exhaustive review of Defendants' submissions and arguments reveals that none of this evidence is availing. Defendants note that Hardy is listed as "Bishop" on Kingdom Now's application for a Guardian group insurance plan (Doc. # 18-2), but that Hardy actually acts as Bishop of Faith Christian Church, which is part of the Kingdom Now network. (See Doc. # 29-2.) Hardy is also listed in Kingdom Now's Articles of Incorporation as "President." (Doc. # 18-1.) According to Defendants, the fact that Hardy is listed as the president of Kingdom Now, but as Bishop of Faith Christian Church, means that Kingdom Now cannot be a church. This argument beggars belief. As Plaintiffs astutely note, a corporation organized under the laws of Alabama must designate a president. See Ala. Code § 10A-3-2.21. That Hardy is listed as the president of Kingdom Now is of no relevance to the organization's status as a church vel non.

Defendants additionally note that the address of record for Kingdom Now is identical to the address of record for Faith Christian Church. (Docs. # 18-1 and 29-2.) This matters, by Defendants' reasoning, because churches must have physical locations where congregants can meet and worship. Because Kingdom Now has no separate location in which its congregants can meet, according to Defendants, it cannot be a church within the meaning of ERISA. Tellingly, Defendants cite no authority, legal or otherwise, in support of this proposition. This evidence, which in fact suggests direct affiliation with a house of worship, more logically supports the finding that Kingdom Now is a church. Suffice it to say that Defendants' argument on this point is unpersuasive. The evidence of record is insufficient to establish that Kingdom Now is not a church.

 Third, Defendants seek jurisdictional discovery to determine conclusively whether Kingdom Now is a church such that its plan is exempt from ERISA's requirements. It is true that Defendants face difficulty proving that Kingdom Now is not a church without the benefit of conducting further discovery, though it must be noted that the evidence currently available supports the finding that Kingdom Now qualifies as a church. Where further factual development is necessary to resolve issues of subject-matter jurisdiction, district courts may allow jurisdictional discovery. See Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 729 (11th Cir.1982). Even so, Defendants only request jurisdictional discovery to the extent it would aid them in

---

1. Plaintiffs note in their briefing that many churches are registered as corporations under the laws of Alabama.

establishing that Kingdom Now's plan does not fall within the church plan exemption. And as discussed in Part III.C, *infra*, this action is due to be remanded on the separate ground that Plaintiffs lack standing to sue under ERISA. The issue of Kingdom Now's status as a church is ultimately unnecessary for the resolution of this matter, and jurisdictional discovery will not be permitted.

Accordingly, as they relate to the Magistrate Judge's finding that Kingdom Now's plan is exempt as a church plan, Defendants' objections are due to be overruled. Defendants' evidence is insufficient to show that Kingdom Now is not a church within the meaning of ERISA. Though jurisdictional discovery might otherwise be appropriate under these circumstances, it will not be allowed here because the motion to remand is due to be granted for an independent reason.

## C. Whether Plaintiffs Have ERISA Standing

The Magistrate Judge also found that Defendants failed to carry their burden as to the second element of the complete ERISA preemption analysis. *See Butero*, 174 F.3d at 1212. Because the insureds were not employees of Kingdom Now, they were not plan participants. And because the insureds were not plan participants, Lawrence and Hardy are not beneficiaries within the meaning of ERISA's standing provision.

ERISA's civil enforcement provision narrowly limits the categories of parties with standing to sue under an ERISA plan. That portion of the statute provides that only a "participant" or a "beneficiary" may bring a civil enforcement action thereunder. 29 U.S.C. § 1332(a); *see also Engelhardt v. Paul Revere Life Ins. Co.*, 139 F.3d 1346, 1351 (11th Cir.1998) ("ERISA's civil enforcement section permits two categories of individuals to sue for benefits

under an ERISA plan—plan beneficiaries and plan participants.").

The statute defines "participant" as "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7). It further defines "beneficiary" as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

In their objections, Defendants contend that the Magistrate Judge "conflated ERISA standing with the Plaintiffs' entitlement to benefits" under the relevant plans. (Doc. # 29, at 6.) This broad objection comprises two more focused issues. Defendants first argue that Hardy and Lawrence have ERISA standing as plan beneficiaries because they have at least colorable claims to benefits under the Kingdom Now plan. Defendants also argue that, because Kingdom Now has some employees, the insureds under the plans at issue in this action were participants under ERISA.

The first issue raised in Defendants' broad objection regarding standing is whether Plaintiffs qualify as beneficiaries within the meaning of ERISA by virtue of the fact that they have "colorable" claims that they are entitled to benefits under the Kingdom Now plan. The gravamen of Defendants' position is that, merely because Plaintiffs brought this action claiming they are entitled benefits under the relevant plans, they qualify as beneficiaries within the meaning of 29 U.S.C. § 1002. The legal authority on which Defendants rely for this position is inapposite,

and this particular aspect of their objections is due to be overruled.

Defendants first reference *Firestone Tire & Rubber Co. v. Bruch* for the proposition that anyone with a colorable claim to plan benefits has standing to sue under ERISA. 489 U.S. 101, 117, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). The *Firestone* Court held no such thing. In fact, it considered and rejected the theory that any claimant, by virtue of making a claim for benefits under an ERISA plan, has ERISA standing. *Id.* Declining to follow a lower court decision that endorsed such a theory, the Court in *Firestone* held that only those plaintiffs meeting the statutory definitions of participant or beneficiary have standing to sue under ERISA. *Id.* The Court went on to explain that the term participant, as defined in § 1002(7), refers only to persons who are current or former employees of the plan employer. *Id.*

The language Defendants quoted from Justice Scalia's concurring opinion, which references the concept of colorable claims, likewise does not support Defendants' position on this point. Justice Scalia wrote separately to note his understanding of the statutory definition of participant as including "those whose benefits have vested, and those who (by reason of current or former employment) have some potential to receive the vesting of benefits in the future ...." *Id.* at 119, 109 S.Ct. 948 (Scalia, J., concurring). It simply does not follow from Justice Scalia's reasoning that anyone who claims to be entitled to payment has standing merely by virtue of his making a claim related to an employee benefit plan. The proper standing analysis turns, as the majority of the *Firestone* Court held, on whether the plaintiff meets the statutory requirements as either a participant or a beneficiary.

The second case on which Defendants principally rely is *Daughtry v. Birdsong Peanuts.* 168 F.Supp.2d 1287 (M.D.Ala. 2001). According to Defendants, this case also supports the notion that anyone claiming benefits under an employee benefits plan is a "beneficiary" within the meaning of § 1002(8). A full reading of the background facts underlying the decision in *Daughtry,* however, reveals that it does not support such a sweeping principle.

The plaintiffs in that case, in order to avoid ERISA coverage, claimed that they should not be treated as beneficiaries of the relevant plan despite overwhelming evidence indicating that they were in fact designated as beneficiaries. The *Daughtry* court did note that a plaintiff who has a colorable claim to benefits cannot avoid the exercise of federal jurisdiction by claiming that he is not a beneficiary of the relevant plan. *Id.* at 1293. In that case, however, it was clear that the plaintiffs were the intended beneficiaries of plans for which the insured qualified as a participant under ERISA.

In the case at bar, it is far from clear that the insureds under the relevant plans in fact qualify as plan participants. In fact, Defendants have taken the position that the insureds under the Lawrence and Hardy policies were not Kingdom Now employees, foreclosing the possibility that the insureds were plan participants within the meaning of § 1002(7). As will be addressed in more detail below, where the insureds do not qualify as plan participants under § 1002(7), the named beneficiaries do not qualify as statutory beneficiaries within the meaning of § 1002(8). Though the bare language of *Daughtry* ostensibly supports Defendants' position regarding Plaintiffs' standing, a proper reading of the case reveals that it is inapposite.

Defendants also cite *Glass v. United of Omaha Life Ins. Co.,* but that case is unpersuasive. *See* 33 F.3d 1341 (11th Cir. 1994). According to Defendants, the plain-

tiff in *Glass* "argued against ERISA preemption, asserting that he was not a beneficiary under ERISA because the deceased 'was not working 30 hours per week at any time after the plan became effective and thus was not eligible for the plan.'" (Doc. # 29, at 8 (quoting *Glass*, 33 F.3d at 1345).) Defendants severed this quotation from its proper context and, in doing so, have wholly mischaracterized the holding of the case. The number of hours the deceased was working per week was not the focus of the preemption analysis at all. Instead, that fact was relevant to the court's holding that the insurer did not wrongfully deny plan eligibility.[2] Nothing in the *Glass* opinion suggests that the plaintiff at any time argued that she was not a beneficiary within the meaning of § 1002(8). Examined in its proper context, *Glass* lends no support to Plaintiffs' objections.

After stripping away the unpersuasive legal authority on which Defendants rely, all that remains for examination is the clear import of the statutory text regarding ERISA standing. Only participants and beneficiaries have standing to sue under ERISA. 29 U.S.C. § 1332(a). Despite Defendants' objections to the contrary, Plaintiffs are not considered "beneficiaries" under ERISA merely by virtue of the fact that they have colorable claims to benefits. Under § 1002(7), as expounded by the Supreme Court in *Firestone*, a party only qualifies as a plan participant if he is, or at some point was, in an employer-employee relationship with the plan employer. *See* 29 U.S.C. § 1002(7); *Firestone*, 489 U.S. at 117, 109 S.Ct. 948. And to qualify as a beneficiary under § 1002(8), a party must have been designated as a beneficiary under the plan by a qualified plan participant. 29 U.S.C. § 1002(8).

As the Magistrate Judge found, a party's status as beneficiary depends on the insured's status as participant.[3] If, as was the case with the Lawrence and Hardy plans, the insureds were not paid employees of the plan employer, the named beneficiaries do not have standing to sue under ERISA. Defendants denied benefits to Lawrence and Hardy, at least in part, because the insured decedents were not paid employees of Kingdom Now. (Doc. # 18-5, at 33; Doc. # 18-7, at 44.) They seek removal by operation of ERISA preemption, but the fact that the insureds were not paid employees forecloses this possibility. In this sense, Defendants are hoisted on their own petard [4] back to state court.

The second issue Defendants raise with respect to ERISA standing deals with Kingdom Now's status generally as an employer. Apparently recognizing that Plaintiffs cannot be considered beneficiaries if

---

**2.** The actual quotation from that case reads as follows: "Several of appellant's claims warrant little discussion. First, it is clear that Hostetter was not working 30 hours per week at any time after the plan became effective and thus was not eligible for the plan. Thus, there was no wrongful denial of eligibility under ERISA." *Glass*, 33 F.3d at 1345.

**3.** Hardy is listed as the president of Kingdom Now, which leaves open the possibility that he is a participant under the Kingdom Now plan. Defendants offer no argument suggesting that Hardy is a participant by virtue of his status as a paid employee, nor do they point to any

evidence in the record indicating that Hardy is a plan participant with standing to sue with respect to his grandfather's plan. In the absence of any relevant argument or evidence, this tenuous possibility cannot form the basis of federal subject-matter jurisdiction. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994) (holding that jurisdictional doubts must be resolved in favor of remand).

**4.** *See* WILLIAM SHAKESPEARE, HAMLET, PRINCE OF DENMARK act 3, sc. 4 ("Let it work; For 'tis the sport to have the engineer Hoist with his own petard ....").

the insureds were not participants under § 1002, Defendants argue in their reply brief that Kingdom Now has some plan participants because it has some employees. It is unremarkable that Kingdom Now has some employees—ERISA standing depends on something different. The relevant inquiry, under §§ 1002 and 1132, is whether the insureds were employees. This is essential to the finding that the insureds are plan participants, and by extension that Plaintiffs are plan beneficiaries.

Defendants' evidence is insufficient to show that the decedent insureds were in an employer-employee relationship with Kingdom Now. In the Kingdom Now application for group coverage, in response to the question whether any employees were "currently not actively at work," Hardy, as representative for Kingdom Now, responded "no." (Doc. # 18-8, at 2.) The only import of this evidence is that, with respect to Kingdom Now generally, Hardy represented that all persons employed by Kingdom Now were actively at work. This application response in no way indicates that Lawrence's parents or Hardy's grandfather were ever employed by Kingdom Now. And evidence in the record shows that Defendants took the position, in denying benefits to Plaintiffs, that the decedent insureds were not paid employees of Kingdom Now. (Doc. # 18-5, at 33; Doc. # 18-7, at 44.)

Upon careful consideration, Defendants' objections regarding ERISA standing are due to be overruled. The Magistrate Judge correctly found that Plaintiffs do not qualify as plan beneficiaries within the meaning of § 1002(8). Because Plaintiffs do not have ERISA standing, this action is not completely preempted under ERISA's civil enforcement provision. See Butero, 174 F.3d at 1212. Defendants failed to carry their burden of establishing the court's subject-matter jurisdiction, and Plaintiffs' motion to remand is due to be granted.

## IV. CONCLUSION

Accordingly, it is ORDERED as follows:

1. Defendants' Objections (Doc. # 29) are OVERRULED.

2. The Recommendation (Doc. # 28) is ADOPTED.

3. Plaintiffs' Motion to Remand (Doc. # 15) is GRANTED.

4. All remaining motions (Docs. # 18, 20, 21, 32, and 36) are DENIED for lack of subject-matter jurisdiction.

5. This case is REMANDED, pursuant to 28 U.S.C. § 1447(c), to the Circuit Court of Montgomery County, Alabama.

6. The Clerk of the Court is DIRECTED to effectuate remand.

### REPORT AND RECOMMENDATION

Paul W. Greene, United States Magistrate Judge

On December 28, 2015, Plaintiffs Nancy Lawrence and Freddrick A. Hardy, Sr., filed a civil complaint in the Circuit Court of Montgomery County, Alabama. (Doc. 1–2). The state court complaint, sounding exclusively in state law, alleges claims under the following counts: (1) fraud—misrepresentation, (2) fraud—suppression, (3) negligent and wanton misrepresentation and suppression, (4) negligent and wanton hiring, training, supervision, and retention, (5) negligent and wanton procurement, (6) conversion, (7) breach of contract, (8) bad faith—failure to pay insurance benefits, and (9) bad faith—failure to investigate claim for insurance coverage against Eric M. Nation, Guardian Life Insurance Company of America ("Guardian"), and various unnamed fictitious defendants. (Doc. 1–2). On January 29, 2015, Defendants removed the dispute to the United States District Court for the Middle District of Alabama, asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331 and the Employ-

ee Retirement Income Security Act of 1974 ("ERISA"), § 02(a)(1)(b), 29 U.S.C. § 1 132(a)(1)(b).

On February 25, 2016, within the 30–day requirement of 28 U.S.C. § 1447(c), Plaintiffs filed a motion to remand this case to the Circuit Court of Montgomery County. (Doc. 15). Plaintiffs argue that Defendants cannot establish that the insurance policies at issue are governed by ERISA. (Doc. 16 at p.9).

The matter is before the undersigned pursuant to the order of reference dated February 3, 2016. (Doc. 3). *See also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72; *United States v. Raddatz*, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); *Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507 (11th Cir.1990). The motion to remand is taken under submission on the record and without oral argument. For the reasons discussed below, the motion to remand is due to be granted and this cause remanded to the Circuit Court of Montgomery County, Alabama. Defendants have not demonstrated that this matter is a federal question governed by ERISA.

## I. PLAINTIFFS' COMPLAINT AND DEFENDANTS' NOTICE OF REMOVAL

Plaintiffs assert that Defendant Guardian and insurance broker Defendant Eric M. Nation (collectively, "Defendants") approached a faith based organization known as the Kingdom Now Movement to sell a group life insurance plan to the organization's members and to the members of Kingdom Now Movement's affiliate churches. (Doc. 1–2 at ¶ 10). Plaintiffs allege that Defendants "represented to the Kingdom Now Movement, its faith-based affiliates and its members and/or affiliate members that they would be exempt from enrolling only paid-employees, would qualify for special group coverage under Defendant Guardian's Basic Term Life Plan ..."

(Doc. 1–2 at ¶ 11). Both Plaintiffs allege that they purchased life insurance policies from Guardian through Nation insuring the lives of certain family members. (Doc. 1–2 at ¶¶ 14, 23). Plaintiffs allege that Nation represented to them that although their family members were "not traditional employees, [they] qualified for special group coverage under Defendant Guardian's Basic Term Life Plan." (Doc. 1–2 at ¶ 13, 22). "[T]he group insurance was provided to Plaintiffs' insureds as part of their membership in their respective churches, which are § 501(c)(3) tax-exempt institutions." (Doc. 1–2 at ¶ 36). "[T]he respective churches and the Kingdom Now Movement are organizations established 'by a convention or association of churches.'" (Doc. 1–2 at ¶ 37). Plaintiffs allege that they made timely premium payments on their respective polices which were accepted by Guardian, and that the policies were in full force and effect at all relevant periods to this action. (Doc. 1–2 at ¶ 19–20, 28–29). Following the deaths of the Plaintiffs' respective family members who were covered by the life insurance plans, Plaintiff made claims for death benefits from Guardian, which were denied because the decedents were not employees of the Kingdom Now Movement or its affiliated churches. (Doc. 1–2 at ¶¶ 18, 27, 39).

On those alleged facts, Plaintiffs demand compensatory and punitive damages on nine state-law tort claims. (Doc. 1–2 at ¶¶ 48–98). In the notice of removal, Defendants assert that "[t]he life insurance policies to which Plaintiffs refer are in fact life insurance benefits offered as part of an employee benefit plan governed by [ERISA].... Plaintiffs' claims are completely preempted by ERISA." (Doc. 1 at ¶ 4).

## II. DISCUSSION

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guard-*

*ian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994). A federal district court is " 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir.1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir.1994)). Therefore, a federal court is obligated to inquire into subject matter jurisdiction "at the earliest possible stage in the proceedings." *Id.* at 410. "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377, 114 S.Ct. 1673.

Any claim that was originally filed in state court may be removed by a defendant to federal court if the case could have been filed in federal court originally. 28 U.S.C. § 1441(a). Where, as here, there is no diversity of citizenship, the defendant must show that federal question jurisdiction is present. *Id.* § 1441(b). Federal courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Whether a claim "arises under" a federal law "is generally determined by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir.2001) (citation omitted). Thus, "the plaintiff is the master of the complaint, free to avoid federal jurisdiction by pleading only state claims even where a federal claim is also available." *Marcus v. AT&T Corp.*, 138 F.3d 46, 52

(2d Cir.1998). However, if "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law," federal question jurisdiction may nevertheless attach to the state-law claim. *Smith*, 236 F.3d at 1310.

*Hill v. BellSouth Telecommunications, Inc.*, 364 F.3d 1308, 1314 (11th Cir.2004).

A removing defendant must establish the propriety of removal under 28 U.S.C. §§ 1441, 1446 and, therefore, must demonstrate the existence of federal jurisdiction. *See, e.g., Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) ("the burden of establishing removal jurisdiction rests with the defendant seeking removal"); *City of Vestavia Hills v. Gen. Fidelity Ins. Co.*, 676 F.3d 1310, 1313 n. 1 (11th Cir.2012) ("The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction."). The procedural propriety of removal is often intertwined with the substantive question of the existence of subject matter jurisdiction. Because removal infringes upon state sovereignty and implicates central concepts of federalism, removal statutes must be construed narrowly, with all jurisdictional doubts being resolved in favor of remand to state court. *Burns*, 31 F.3d at 1095.

Removal jurisdiction based on a federal question is governed by the well-pleaded complaint rule. *Taylor v. Anderson*, 234 U.S. 74, 75–76, 34 S.Ct. 724, 725, 58 L.Ed. 1218 (1914); *Kemp v. Int'l Bus. Machs. Corp.*, 109 F.3d 708, 712 (11th Cir.1997) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 11, 103 S.Ct. 2841, 2845, 77 L.Ed.2d 420 (1983)) (ERISA context). In plain terms, unless the face of a plaintiff's complaint states a federal question, a defendant may not remove a case to federal court on this basis, even

though a possible defense might involve a federal question. *Kemp*, 109 F.3d at 712. A narrow exception to this rule is super, or complete, preemption, existing when Congress has so fully legislated an area of law such that a plaintiff's state law claims filed in state court are "necessarily federal in character" and removable based on federal question jurisdiction.... *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987); Kemp, 109 F.3d at 712.

Whether complete preemption applies is a jurisdictional issue, which must be addressed first and is separate and distinct from whether a defendant's ERISA § 514, 29 U.S.C. § 1144, preemption defenses apply, although there might be some overlap between the two issues.... *Land v. CIGNA Healthcare of Fla.*, 339 F.3d 1286, 1294 at 1289–90, 1294 n. 7 (11th Cir.2003); *see also Schmeling v. NORDAM*, 97 F.3d 1336, 1338 (10th Cir.1996). We set forth the four-part test for determining ERISA super preemption in *Butero v. Royal Maccabees Life Insurance Co.*, 174 F.3d 1207, 1212 (11th Cir.1999): a (1) relevant ERISA plan exists, under which a (2) plaintiff with standing is suing (3) an ERISA entity for (4) "compensatory relief akin to that available under § 1132(a); often this will be a claim for benefits due under a plan."

*Ervast v. Flexible Products Co.*, 346 F.3d 1007, 1012–13 (11th Cir.2003) (footnotes omitted).

We start with the superpreemption issue because, for the reasons explained above, it ultimately decides the existence of federal subject-matter jurisdiction. As it turns out, some claims are super preempted, and others are not. Here's the rule: ERISA super preemption exists only when the "plaintiff is seeking relief that is available under 29 U.S.C. § 1132(a)." *Whitt v. Sherman Intern.*

*Corp.*, 147 F.3d 1325, 1330 (11th Cir. 1998). Regardless of the merits of the plaintiff's actual claims (recast as ERISA claims), relief is available, and there is complete preemption, when four elements are satisfied. First, there must be a relevant ERISA plan. *See id.*; *Kemp v. International Business Machs. Corp.*, 109 F.3d 708, 713 (11th Cir.1997). Second, the plaintiff must have standing to sue under that plan. *See Engelhardt v. Paul Revere Life Ins. Co.*, 139 F.3d 1346, 1350 n. 3 (11th Cir. 1998). Third, the defendant must be an ERISA entity. *See id.*; *Franklin v. QHG of Gadsden, Inc.*, 127 F.3d 1024, 1029 (11th Cir.1997); *see also Morstein v. National Ins. Servs., Inc.*, 93 F.3d 715, 722 (11th Cir.1996) (en banc) (no preemption at all—not even defensive preemption—when the defendant is "a non-ERISA entity" and the claims do not "affect relations among principal ERISA entities as such"). Finally, the complaint must seek compensatory relief akin to that available under § 1132(a); often this will be a claim for benefits due under a plan. *See Engelhardt*, 139 F.3d at 1354; Franklin, 127 F.3d at 1029.

*Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1212 (11th Cir.1999).

In the notice of removal, Defendants contended "that the Plaintiffs seek life insurance benefits under an employee welfare benefit plan governed by ERISA." (Doc. 1 at ¶ 7.b). Defendants further argued that Plaintiffs' claims were subject to complete preemption because this case satisfies all four factors announced in *Butero*, *supra*.

In their brief in opposition to remand, Defendants further argued that the Kingdom Now Movement is not a church, and therefore, the life insurance policies are not exempt from preemption under ERISA, which "shall not apply to any em-

ployee benefit plan if ... such plan is a church plan (as defined in section 1002(33) of this title) with respect to which no election has been made under section 410(d) of Title 26 ..." 29 U.S.C. § 1003(b)(2). As an initial matter, Defendants correctly concede that "[c]hurch plans, unless a plan affirmatively elects to be governed by ERISA, are exempt from ERISA coverage." (Doc. 24 at p.10). ERISA provides that "[t]he term 'church plan' means a plan established and maintained ... for its employees (or their beneficiaries) by a church or by a convention or association of churches which is exempt from tax under section 501 of Title 26." 29 U.S.C. § 1002(33)(A). ERISA further provides that:

> A plan established and maintained for its employees (or their beneficiaries) by a church or by a convention or association of churches includes a plan maintained by an organization, whether a civil law corporation or otherwise, the principal purpose or function of which is the administration or funding of a plan or program for the provision of retirement benefits or welfare benefits, or both, for the employees of a church or a convention or association of churches, if such organization is controlled by or associated with a church or a convention or association of churches.

29 U.S.C. § 1002(33)(C)(i). However, Defendants argue that the Kingdom Now Movement is not " a church or by a convention or association of churches" pursuant to 29 U.S.C. § 1002(33)(A). Defendants argue that the Kingdom Now Movement "is a nonprofit corporation with religious purposes but is not a church." (Doc. 24 at p.13). In support of this argument, Defendants allege that "[n]othing in Kingdom Now' Articles of Incorporation evidences any association with any church." (Doc. 24 at p.14). Kingdom Now Movement's Articles of Incorporation provide, in pertinent part:

> "The corporation is organized under the Nonprofit Public Benefit Corporation Law for religious, charitable and educational purposes to aid the poor and disadvantaged individuals and families towards a life of self-sufficiency within the meaning of Section 501(c)(3) of the Internal Revenue Code ... To this end, the corporations vision statement is: Kingdom Now is a movement that is connecting progressive minded pastors and community leaders who have a passion to see the King of God manifested in this generation. Kingdom Now has a mission to usher in the Kingdom of God in this generation, fostering a Kingdom-culture in the earth. Kingdom Now's primary components are, but are not limited to the following: **Joshua's Nation:** A pastor's fellowship that focuses on providing concept and strategies for progressing the promises of God; **Kingdom Business:** a fellowship of entrepreneurs that focus on providing business owners with tools and resources on how to use their business to manifest God's agenda in the marketplace; and **Gideon's Army:** A fellowship of Christians, ages 18–35, that focus on identifying the forces that have held past generations from progressing and obtaining all that God desires for them to have ..."

(Doc. 18–1 at p.3). Based on the Articles of Incorporation, Defendants argue that "Plaintiffs, however, provide no evidence supporting their contention that Kingdom Now is a church." (Doc. 24 at p.10). However, "the burden of establishing removal jurisdiction rests with the defendant seeking removal." *Scimone,* 720 F.3d at 882. In this case, although the Articles of Incorporation for the Kingdom Now Movement do not specifically call the organization a "church" or a convention or association of churches, the Articles do appear to envision a "fellowship of pastors" sufficient to support Plaintiffs' allegation that Defen-

dants sold life insurance "to the members of the Kingdom Now Movement's affiliate churches." (Doc. 1–2 at ¶ 10). Moreover, the record includes a copy of the Application for a Plan of Group Insurance prepared by Guardian and completed by the Kingdom Now Movement as applicant. (Doc. 18–8 at p.2). Under the section of the Application titled "Nature of Business," the response "Church" is written. Under the section for authorizing signatures, the Application is signed on behalf of the Kingdom Now Movement by Plaintiff Fredderick A. Hardy, Sr., and identifies "Bishop" as Hardy's title. (Doc. 18–8 at p.3). Hardy is the same person who signed as the "incorporator" in the Kingdom Now Movement's Articles of Incorporation. (Doc. 18–1 at p.5). Guardian accepted the Application and notified the Kingdom Now Movement through Hardy that the plan would be effective as of August 1, 2014. (Doc. 18–3 p.2). Neither party alleges that the Kingdom Now Movement "opted in" to ERISA for the purposes of the subject group life insurance plans.

"We construe removal jurisdiction narrowly and resolve any doubts regarding the existence of federal jurisdiction in favor of the non-removing party, in this case the plaintiffs." *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir.1998) (citation omitted). In this case, Hardy, the incorporator of the Kingdom Now Movement, completed the Guardian life group life insurance policy on behalf of the Kingdom Now Movement, stating that the nature of the "business" was a "church" and signing the Application as the "Bishop" of that church. Moreover, the two policies in question were not purchased by employees of the Kingdom Now Movement, but by unpaid members of churches affiliated with the Kingdom Now Movement. (Doc. 1–2 at ¶ 36). Construing removal jurisdiction pursuant to ERISA narrowly and resolving any doubts whether the Kingdom Now

Movement is a "a church or a convention or association of churches" in favor of Plaintiffs as the nonmoving party, the evidence reflects that the subject group life insurance plan was a church plan and therefore exempt from ERISA. Accordingly, this matter is due to be remanded for lack of federal question jurisdiction.

Moreover, even if the Kingdom Now Movement were not a church and the plan were therefore to qualify as an ERISA plan pursuant to the first of the *Butero* factors ("First, there must be a relevant ERISA plan."), it does not appear from the undisputed evidence that the second *Butero* factor is satisfied, i.e., that the Plaintiffs "have standing to sue under that plan." *Butero*, 174 F.3d at 1212.

Under the doctrine of complete preemption, a plaintiff must have standing to sue under a relevant ERISA plan before a state law claim can be recharacterized as arising under federal law, subject to federal court jurisdiction. *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1211–12 (11th Cir.1999).

The only parties that have standing to sue under ERISA are those listed in the civil enforcement provision of ERISA, codified at 29 U.S.C. § 1132(a). *See Cagle v. Bruner*, 112 F.3d 1510, 1514 (11th Cir.1997) (per curiam). The civil enforcement provision provides, in relevant portion:

(a) Persons empowered to bring a civil action

A civil action may be brought—

(1) by a participant or beneficiary—

(A) for the relief provided for in subsection (c) of this section, or

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to

future benefits under the terms of the plan; . . . .

29 U.S.C. § 1132(a). Thus, "ERISA's civil enforcement section permits two categories of individuals to sue for benefits under an ERISA plan—plan beneficiaries and plan participants." *Engelhardt v. Paul Revere Life Ins. Co.*, 139 F.3d 1346, 1351 (11th Cir.1998).

Under ERISA, a "participant" is "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7). A "beneficiary" is "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8); *Engelhardt*, 139 F.3d at 1351. *Hobbs v. Blue Cross Blue Shield of Alabama*, 276 F.3d 1236, 1241 (11th Cir.2001). In this case, the parties allege that they are plan beneficiaries rather than plan participants. (Doc. 1–2 at ¶¶ 16, 25). Therefore, to have standing for an action pursuant to ERISA, the Plaintiffs as beneficiaries must be persons designated by a plan participant to benefit thereunder. 29 U.S.C. § 1002(8). The parties agree that the insured decedents in this case were not employees of the Kingdom Now Movement. (Doc. 1–2 at ¶¶ 13, 22; Doc. 16 at p.10; Doc. 24 at p.4; Doc. 26 at p.3). Neither of the insured decedents was an "employee or former employee of an employer, or [a] member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any

such benefit." 29 U.S.C. § 1002(7). Accordingly, the insured decedents were not plan participants, the Plaintiffs are not plan beneficiaries, and the Plaintiffs therefore lack standing to bring their claims under ERISA. Accordingly, the second *Butero* factor fails, this matter is not preempted under ERISA, and the case is due to be remanded to the Circuit Court of Montgomery County.

## III. CONCLUSION AND RECOMMENDATION

For these reasons, the Magistrate Judge **RECOMMENDS** that Plaintiffs' motion to remand (Doc. 15) is due to be **GRANTED** and this cause be remanded to the Circuit Court of Montgomery County, Alabama, for lack of subject matter jurisdiction. The Defendants have not met their burden to show federal question jurisdiction under ERISA.

During the pendency of the motion to remand, Defendant Guardian filed a motion for summary judgment. (Doc. 18). In response, Plaintiffs filed a motion to strike Guardian's motion for summary judgment or in the alternative to hold that motion in abeyance. (Doc. 20). Plaintiffs also filed a motion to expedite a ruling on Plaintiffs' motion to strike (Doc. 21). Because this court lacks subject matter jurisdiction, the court should decline to enter any ruling on those motions (Docs. 18, 20, and 21), and those motions should remain pending for adjudication by the state court.

It is **ORDERED** that the parties shall file any objections to the said Recommendation on or before **April 27, 2016.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order

of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir.1982). *See Stein v. Reynolds Securities, Inc.,* 667 F.2d 33 (11th Cir.1982).

**DONE** and **ORDERED** this 13th day of April, 2016.